UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY et al., <br><br> Plaintiffs, <br><br> v. <br><br> HYUNDAI MOTOR AMERICA et al., <br><br> Defendants. | Case No. 8:24-cv-02440-SB-JDE <br><br> ORDER GRANTING MOTION TO REMAND [DKT. NO. 18] |

  Defendants manufacture and sell Hyundai and Kia vehicles, which for years used defective anti-lock brake systems that created a risk of fires, leading to numerous safety recalls and $210 million in federal civil penalties. Plaintiffs, a group of car insurers, filed this subrogation action in state court to recover losses to their insureds resulting from the defects. Before being served with the complaint, Defendants removed the case based solely on diversity jurisdiction. Plaintiffs now move to remand. Because Defendants have not met their burden to show that diversity is complete, the motion is granted.

I.

  A defendant may remove a civil action from state to federal court if jurisdiction originally would lie in federal court. 28 U.S.C. § 1441(a). The removing party bears the burden of proving that removal is proper. *Casola v. Dexcom, Inc.*, 98 F.4th 947, 954 (9th Cir. 2024).[1] If removal is based on diversity

---

[1] Defendants' reliance on *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691 (2003), for the proposition that the plaintiff has the burden to justify remand is misplaced. *Breuer* stated that "*whenever the subject matter of an action qualifies it for removal*, the burden is on a plaintiff to find an express exception." *Id.* at 698 (emphasis added). The defendant has the burden of establishing in the first instance that the case is removable. *Casola*, 98 F.4th at 954.

jurisdiction, 28 U.S.C. § 1441(b), the removing defendant must demonstrate complete diversity of citizenship among the parties and that the amount in controversy exceeds $75,000, *id.* § 1332(a).  Complete diversity requires that all plaintiffs be diverse from all defendants.  *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).  There is a "strong presumption" against removal jurisdiction, which requires remand "if there is any doubt as to the right of removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *accord Casola*, 98 F.4th at 954.

II.

Plaintiffs argue that the presence of Plaintiff United States Automobile Association (USAA) defeats complete diversity.  In the notice of removal, Defendants merely asserted that USAA "is an unincorporated reciprocal exchange and has its principal place of business in Texas."  Dkt. No. 1 at 3 (citing Dkt. No. 1-3 ¶ 34).  The notice of removal did not expressly identify USAA's citizenship, nor did it provide adequate information to determine its citizenship, since "an unincorporated association such as a partnership has the citizenships of all of its members."  *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (holding that a limited liability company is a citizen of every state of which its owners or members are citizens).  Defendants have not identified USAA's members or their citizenship.

This failure by itself requires remand, as Defendants have not met their burden to establish complete diversity.  *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857–58 (9th Cir. 2001) ("Since the party asserting diversity jurisdiction bears the burden of proof, Pfizer's failure to specify Plaintiffs' state citizenship was fatal to Defendants' assertion of diversity jurisdiction.") (cleaned up); *id.* at 861 (holding that district court properly remanded based on lack of complete diversity even though the defective allegation could potentially have been cured).  Moreover, in their motion to remand, Plaintiffs produce uncontroverted evidence that USAA is an unincorporated reciprocal inter-insurance exchange whose subscribers are considered its members, and that it has members in all 50 states.  Dkt. No. 18-2 ¶¶ 3–6.  *See also Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 845 (10th Cir. 1988) (concluding that, for diversity purposes, USAA is a citizen of each state in which it has members).

Defendants do not dispute either the fact that USAA has members in all 50 states or the legal rule that its citizenship is derived from that of its members.  Instead, Defendants make a conclusory argument that diversity is determined at the

time of removal from the face of the pleadings and "[b]ecause plaintiff USAA's supposed California citizenship is nowhere alleged in the complaint, diversity existed and removal was proper." Dkt. No. 20 at 1, 4. This argument fails for multiple reasons. First, while Defendants are correct that jurisdiction is determined at the time of removal, they do not argue—much less produce evidence—that the parties *were* diverse at the time of removal. Second, it is Defendants' burden as the removing parties to establish that diversity is complete, and they failed to identify USAA's members or their citizenship in the notice of removal despite identifying USAA as an unincorporated entity. Third, even if Defendants had plausibly alleged that USAA was a Texas citizen based on the allegations in the complaint, Plaintiffs' evidence to the contrary is a factual attack on jurisdiction that requires Defendants to respond with proof of their own. *See Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020) (explaining that when a factual attack is raised, "the responding party must support her jurisdictional allegations with competent proof under the same evidentiary standard that governs in the summary judgment context") (cleaned up).

Defendants also argue that diversity is complete even if USAA is a California citizen because the California Defendants are fraudulently joined. But given the uncontroverted evidence that USAA is a citizen of all 50 states, diversity is incomplete in any event based on the presence of Defendant Hyundai America Technical Center, Inc.—a Michigan citizen whom Defendants do not suggest was improperly joined. Dkt. No. 1 at 3.

### III.

Accordingly, Defendants have failed in multiple ways to satisfy their burden of establishing diversity jurisdiction. Plaintiffs' motion to remand is granted,[2] and this case is remanded for lack of subject-matter jurisdiction.

Date: January 16, 2025

                                            Stanley Blumenfeld, Jr.
                                            United States District Judge

---

[2] The Court does not reach the parties' arguments about the propriety of "snap removal" or whether some defendants were improperly joined.